**Sheila A. MAHONEY, Plaintiff,**

v.

**William DRISCOLL, Defendant.**

**Civ. A. No. 87–3113.**

United States District Court,
D. Massachusetts.

Dec. 15, 1989.

John W. Marshall, Pennington & Marshall P.C., Boston, Mass., for plaintiff.

Emily Athanasoulis, Gaston & Snow, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

McNAUGHT, District Judge.

This matter came on to be heard on defendant's motion for summary judgment. Plaintiff brought this action against her former supervisor, William Driscoll, supervisor of the Massachusetts Turnpike Authority Tunnels Division, under Title 42 U.S.C. § 1983 for violation of her First Amendment rights (Count One), and for deprivation of property, due process and equal protection rights under the Fourteenth Amendment (Counts Two and Three). Under pendent jurisdiction, plaintiff also alleged violations of the Massachusetts Civil Rights statute, Massachusetts General Laws c. 12, § 11I, claiming that defendant interfered by threats, coercion or intimidation with her First and Fourteenth Amendment rights (Count Five) and malicious interference with advantageous relations (Count Six).

Plaintiff was hired by the Massachusetts Turnpike Authority on August 11, 1978. She was hired as a clerical assistant and classified as a stenographer, the lowest paying of the three categories of clerical assistants. Believing that she was misclassified, plaintiff wrote two letters, one to the Authority's equal employment opportunity officer, and one to the Authority's director of personnel, to question her classification. Before sending the letters, plaintiff spoke to some co-workers about her job classification and the possibility that she was being discriminated against on the basis of sex. According to plaintiff, defendant was apprised of the conversation with her co-workers.

Defendant was also apprised of the two letters. Defendant is alleged to have told his assistant to offer plaintiff a transfer at that point. Plaintiff refused. Shortly thereafter, on August 28, 1987, plaintiff was informed by internal memorandum that she had been transferred involuntarily. She was to work for a person who reported directly to defendant. Her position remained that of stenographer and her salary did not change.

The substance of plaintiff's claim is that she was transferred in retaliation for the two letters and for her discussion with co-workers about the job conditions of her employment in violation of her First Amendment rights. The transfer, she alleged, amounted to a constructive discharge. Specifically, plaintiff alleged discrepancies between herself and male employees in salary and in the doling out of

overtime work. Sex discrimination, said plaintiff, was at the root of the transfer.

■ Defendant's motion for summary judgment on Count One is denied. Although it is true that the two letters did not reference sex discrimination, taken in conjunction with plaintiff's discussions with her co-workers and defendant, plaintiff's "speech" sufficiently raised the issue of sex discrimination to survive a summary judgment motion. See *Connick v. Myers*, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983).

■ Summary judgment is granted on Count Two. Plaintiff did not have a constitutionally protected property right to work only for defendant. She was not fired and her transfer did not constitute a constructive discharge. A constructive discharge requires a "change in working conditions so difficult or unpleasant as to force [plaintiff] to resign." *Alicea Rosado v. Garcia Santiago*, 562 F.2d 114 (1st Cir.1977), quoting *Crystal Princeton Refining Co.*, 222 N.L.R.B. 1068, 1069 (1976). Loss of prestige, humiliation, and embarrassment do not amount to a constructive discharge unless extreme. *Alicea Rosado*, 562 F.2d at 120. Plaintiff's transfer did not present such an extreme situation. She was transferred to an equivalent position from that which she held, for the same pay and the same benefits. It was not so onerous as to compel her resignation. Plaintiff's analysis based on *Perry v. Sinderman*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), simply goes too far. Since plaintiff's transfer did not amount to a constructive discharge her due process claim must fall. Summary judgment, therefore, is granted on Count Two.

■ Summary judgment is granted also on Count Three. Plaintiff does not allege specific facts to support her claim that defendant deliberately and intentionally deprived her of the opportunity to do overtime on the basis of sex. In her deposition, plaintiff admitted that she never asked defendant for overtime work and that her position did not require overtime work. Even though plaintiff was the only classified female employee in the Tunnels Division, the fact that she was not assigned overtime work does not create a federal cause of action. Summary judgment is granted on this Count.

■ Summary judgment on Count Five is denied. Plaintiff's assertions that defendant threatened her on two occasions and created an intimidating work environment are enough. Summary judgment is inappropriate.

Summary judgment on Count Six is granted. Plaintiff cannot prove a constructive discharge, and therefore, she cannot receive damages for lost pay. Nor can plaintiff prove that defendant acted with malicious intent. He may have acted in bad faith, but that does not rise to the level of malicious behavior.

Summary judgment on Counts One and Five is denied. It is granted on Counts Two, Three and Six.

Defendant has also filed a motion to strike portions of plaintiff's response to defendant's statement of undisputed facts. Defendant's motion is denied as to paragraphs 15, 113, 114, 117, 119, and 122 where the statements are nonhearsay. The sentence of paragraph 19 stating "[t]he consultant who interviewed Mahoney as part of the study told her that her classification as a Stenographer was inappropriate" is allowed as nonhearsay. The last sentence of paragraph 19, however, is stricken.

Defendant's motion is granted as to paragraphs 24 and 66 on hearsay grounds. Defendant's paragraph 66 in his statement of undisputed facts is also stricken per plaintiff's request.

The Defendant's motion is denied as to paragraphs 73 and 74 because plaintiff is competent to testify on that matter, but granted on paragraphs 16 and 102g. The motion is denied on paragraphs 48 and 117. As to paragraph 22, the motion is granted with respect to the last sentence attributed to Mr. Blackburn's deposition pages 43 to 45, but denied for the sentence stating "[n]one of these instances involved a promotion opportunity which was posted with-

in the Authority". Defendant's motion is denied as to paragraphs 24, 25, 26 and 56. This Court declines to strike defendant's motion and memorandum from the public records.

SO ORDERED.